Mr. Swann, for the plaintiffs, moved the court to instruct the jury that the papers so read to them were not evidence properly before them; and

THE COURT (MORSELL, [Circuit Judge,] contra) so instructed them.

Verdict for plaintiffs, $5,743.26, with interest from 19th December, 1825.

Bills of exception were taken, but no writ of error was prosecuted.

---

BANK OF THE UNITED STATES, (KEY v.) See Case No. 7,746.

---

## Case No. 920.

### BANK OF THE UNITED STATES v. KURTZ.

[2 Cranch, C. C. 342.][1]

Circuit Court, District of Columbia. Oct. Term, 1822.

PRACTICE—PRODUCTION OF PAPERS — PROCEDURE.

The plaintiff cannot be nonsuited, for not producing books and papers. upon a mere notice by the defendant to produce them at the trial. There must be a motion to the court, for an order to produce them; and notice of such a motion; and an order of the court, and if the motion be not made until the cause is called for trial at the last calling of the docket, the court will continue the cause until the next term.

[Cited in Gregory v. Chicago, etc., R. R., 10 Fed. 529.]

[See Thompson v. Selden, 20 How. (61 U. S.) 194; Macomber v. Clark, Case No. 8,918; Dunham v. Riley, Id. 4,155; Bas v. Steele, Id. 1,088; Maye v. Carberry, Id. 9,339.]

The plaintiff having been served with notice to produce the plaintiff's books, the defendant's counsel moved the court, just as the cause was called for trial, for judgment of nonsuit, under the fifteenth section of the judiciary act of [September 24th,] 1779, (1 Stat. 73,) for not producing the books.

Mr. Lear, for the plaintiff, objected that there had been no order of the court to produce them; nor any motion to the court for such an order.

Mr. Key, for the defendant, contended that he was yet in time to make the motion for an order to produce the books; and that notice of the motion was not necessary, as there had been a notice served on the plaintiff to produce them at the last term; he accordingly now made the motion; but it being the last time of calling the docket, and the cause being called for trial, the court continued it to the next term.

---

## Case No. 921.

### BANK OF THE UNITED STATES v. LEE.

[3 Cranch, C. C. 288.][1]

Circuit Court, District of Columbia. April Term, 1828.

NEGOTIABLE INSTRUMENTS—DISCHARGE OF INDORSER—EXTENSION OF TIME.

The indorser of a promissory note is discharged from his liability by the holder taking new

security, and giving time to the maker without the consent of the indorser.

[See White v. Burns, Case No. 17,539; Cope v. Huntt, Id. 3,206; Varnum v. Milford, Id. 16,890; Morgan v. Tipton, Id. 9,809.]

The defendant [E. J. Lee] was the indorser of R. B. Lee's note discounted by the plaintiffs.

THE COURT, (nem. con.) on the motion of Mr. Taylor, the defendant's counsel, instructed the jury, in effect, that if they should find from the evidence that the plaintiffs, in consideration of new security given by the maker of the note, agreed with him, without the defendant's consent, to extend the time of payment of the debt for one year or more, the defendant was thereby discharged from his liability as indorser of the note.

Mr. Taylor cited the following authorities: 7 Bac. Abr. 507; Nisbit v. Smith, 2 Brown, Ch. 579; Baird v. Rice, 1 Call, 18; Rees v. Berrington, 2 Ves. Jr. 540; Ward v. Johnson, 6 Munf. 6; Ellis v. Galindo, 1 Doug. 250, note; Hill v. Bull, Gilmer, 149; English v. Darley, 2 Bos. & P. 61; People v. Jansen, 7 Johns. 332; Bull, N. P. 275; Wilson v. Lenox, 1 Cranch, [5 U. S.] 194; James v. Badger, 1 Johns. Cas. 131; Croughton v. Duval, 3 Call, 69; Chitty, Bills, (Amer. Ed. 1817,) 300; Duval v. Trask, 12 Mass. 154; U. S. v. Nicholl, 12 Wheat. [25 U. S.] 510; McLemore v. Powell, Id. 554, 557; Moore v. Bowmaker, 6 Taunt. 379.

Mr. Lear, for plaintiffs.

---

## Case No. 922.

### BANK OF THE UNITED STATES v. LEE et al.

[5 Cranch, C. C. 319.][1]

Circuit Court, District of Columbia. Nov. Term, 1837.[2]

DEED OF TRUST TO WIFE'S SEPARATE USE — CONSIDERATION—AGREEMENT TO RELINQUISH DOWER —RECORDING.

1. An agreement by a feme covert to relinquish her dower in certain lands, and to mortgage to her husband's creditors other lands held in trust to her separate use, is a sufficient consideration to prevent a post-nuptial deed of trust to her separate use from being a voluntary conveyance; and the subsequent actual release of dower, &c., made it an adequate consideration. The real consideration of a deed is always examinable, and the parties are not estopped to show what was the true consideration. [See note at end of case.]

2. The notice which will affect the validity of a first incumbrance must be notice at the time the money is advanced or paid by the second incumbrancer. It is not necessary that the first grantees should give notice of their claim of title to a second incumbrancer, if they did not know of the second incumbrance at the time of its execution, or before the money was advanced. Their silence afterwards, cannot justify a charge of fraud or collusion.

3. The joint possession, of husband and wife, of property conveyed to her separate use, is no evidence of fraud.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 13 Pet. (38 U. S.) 107.]